IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARLENE JOHNSON-BYRD, et. al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:24-CV-00200-BCW |
| PENNYMAC LOAN SERVICES, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss. (Doc. #16). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On August 10, 2018, Plaintiff Arlene Johnson-Byrd ("Johnson-Byrd") obtained a mortgage loan from non-party DAS Acquisitions to finance the purchase and rehabilitation of a property in Jackson County. (Doc. #1-1). On September 24, 2018, DAS Acquisitions transferred the servicing rights to the loan to Defendant PennyMac Loan Services, LLC ("PennyMac"). On August 24, 2020, Plaintiffs Johnson-Byrd and her husband Louis Byrd (collectively "Plaintiffs") sued PennyMac and DAS Acquisitions in the Circuit Court of Jackson County, Missouri, alleging breaches of fiduciary duty and contract, tortious interference, and unjust enrichment, based on failure to properly execute and administer Johnson-Byrd's loan. (Doc. #17-1); <u>Johnson-Byrd, et. al. v. DAS Acquisition Co., LLC, et. al.</u>, 2016-CV17395.[1] On July 23, 2021, Plaintiff Louis Byrd was dismissed from the state court case because he is not a party to the loan contract. (Doc. #17-

---

[1] The Court takes judicial notice of various public records in this Order and can consider them with Defendant's motion to dismiss. <u>Stahl v. United States Dep't of Agric.</u>, 327 F.3d 697, 700 (8th Cir. 2003).

1

3). On December 5, 2023, the state court entered a judgment in the case, striking Johnson-Byrd's claims as a discovery sanction and dismissing the case without prejudice. (Doc. #17-4).

On March 20, 2024, Plaintiffs filed the instant action in this Court against PennyMac only. Plaintiffs assert the following claims: Count 1, race discrimination under 42 U.S.C. § 1981; Count 2, discrimination under 42 U.S.C. § 3605; Count 3, interference under 42 U.S.C. § 3617; Count 4, fraudulent misrepresentation; Count 5, breach of contract; and Count 6, violation of the Missouri Merchandising Practices Act ("MMPA"). (Doc. #1-1). Each count relates to PennyMac's alleged mishandling of Johnson-Byrd's loan contract. While Johnson-Byrd asserts all six counts, Byrd only asserts a claim in Counts 3 and 4.

On May 23, 2024, PennyMac filed the instant motion to dismiss. (Doc. #16). PennyMac argues that Plaintiffs' claims are barred by the doctrine of res judicata. PennyMac also argues that even if res judicata doesn't apply, Plaintiffs have not stated a claim for which relief can be granted as to counts 1-4 and 6. On June 3, 2024, Plaintiffs filed their opposition suggestions. (Doc. #19). On June 17, 2024, PennyMac filed its reply suggestions. (Doc. #20).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal based on a plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (citations omitted). "A claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in

the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, mere conclusory statements without factual allegations to support them do not suffice. Iqbal, 556 U.S. at 678. Since Plaintiffs are proceeding pro se, the Court considers the content of their complaint pursuant to "less stringent standards" than might otherwise apply. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lomholt v. Holder, 287 F.3d 683, n.1 (8th Cir. 2002).

## ANALYSIS

### I. Plaintiff Louis Byrd does not have standing to bring a claim and is dismissed from the instant case.

Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during a litigation. Delorme v. U.S., 354 F.3d 810, 815 (8th Cir. 2004). In order to have standing to bring a case, a plaintiff must assert his own legal rights and interests. Moon v. Portfolio Recovery Assocs., LLC, No. 4:23CV1195 JMB, 2024 U.S. Dist. LEXIS 21397, at *9 (E.D. Mo. Feb. 7, 2024) (citing Warth v. Seldin, 422 U.S. 490, 500 (1975)) (internal quotation omitted). A plaintiff cannot rest his or her claim to relief on the legal rights or interests of a third party. Id.

Here, Byrd alleges claims against PennyMac only through Counts 3 and 4. Both of these counts assert claims regarding PennyMac's obligation to Johnson-Byrd through her loan contract. (Doc. #1-1 at 55-58). However, Byrd is not a party to Johnson-Byrd's contract and does not assert his own legal rights and interests in Counts 3 and 4. Byrd's claims of relief rely solely on the legal rights of his wife's contract, and while he may secondarily benefit from the contract, the contract was not made for his benefit. Hunt v. Int'l Ass'n of Lions Clubs, No. 5:21-CV-05100, 2021 U.S. Dist. LEXIS 168550, at *7 (W.D. Ark. Sep. 7, 2021). Consequently, Byrd has no legal rights or

interests under the loan contract between Johnson-Byrd and PennyMac.² Because Counts 3 and 4 are based on PennyMac's obligation to Johnson-Byrd through her loan contract, Byrd does not have standing to bring a claim on those matters and is dismissed from the instant case.

For the reasons expressed above, the Court shall consider the instant motion in regard to Johnson-Byrd's claims only.

**II.     Johnson-Byrd's claims are barred by res judicata.**

"Res judicata is a common law doctrine that bars the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." Martin v. Scottrade, Inc., No. 4:17 CV 2948 RWS, 2018 U.S. Dist. LEXIS 64021, at *5 (E.D. Mo. Apr. 17, 2018) (citing Lauber-Clayton, LLC v. Novus Props. Co., 407 S.W.3d 612, 618 (Mo. Ct. App. 2013)). "The law of the forum that rendered the first judgment controls the res judicata analysis." St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008).

Here, the first judgment was entered out of a Missouri state court and therefore, Missouri's res judicata law applies. Id. Under Missouri law, res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. Brown v. Kan. City Live, LLC, 931 F.3d 712, 714 (8th Cir. 2019) (quoting Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006)) (internal quotation omitted).

---

² The Court notes that in the state court matter, the state court judge also removed Byrd from the case for not being a party to Johnson-Byrd's contract. (Doc. #17-3).

4

As there are no arguments challenging the competency of the jurisdiction of the state court, this Court finds that the first element is uncontroverted and met. Plaintiffs argue the other two elements are not met for res judicata to apply.

### A. <u>The state court's decision was a final decision on the merits.</u>

On December 5, 2023, the state court judge granted PennyMac's motion to strike Johnson-Byrd's pleadings and entered a final judgment in favor of PennyMac as a discovery sanction. (Docs. #17-4 & #17-5). The state court stated the following:

> IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Pleadings is GRANTED. Plaintiff's Second Amended Petition is stricken, and a final judgment is hereby entered against Plaintiff and in favor of Defendant. All other matters are moot. **This matter is dismissed without prejudice**.

Id. (emphasis added). Johnson-Byrd argues that because her dismissal from the case in state court was made without prejudice, the judgment in the state court was not a "final judgment on the merits." (Doc. #19).

PennyMac correctly points out that in Missouri, a judgment entered by way of a court-imposed sanction for discovery violations can be considered a judgment on the merits. Marck Indus. v. Lowe, 587 S.W.3d 737, 742 (Mo. Ct. App. 2019). However, here, the state court judge's statement that the case was dismissed without prejudice expresses the state court's intent that Johnson-Byrd is not precluded from bringing an action involving these matters again in state court. Atkins v. Jester, 309 S.W.3d 418, 423 (Mo. Ct. App. 2010). Here, the state court added said language to show that while it was entering a judgment against Johnson-Byrd, the state court was not considering the judgment to be on the merits so as to prevent Johnson-Byrd from refiling in state court. For this reason, PennyMac's first argument is unpersuasive.

However, PennyMac secondarily argues that the state court judge's order was a final judgment on the merits because Johnson-Byrd did not refile her claims in state court or appeal the

5

state court judge's ruling. (Doc. #17). "In a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit <u>in the same court</u> . . . ." <u>Atkins</u>, 309 S.W.3d at 423 (emphasis added) (internal citation omitted). Generally, the rule that a dismissal without prejudice can preclude a claim based on res judicata normally applies when the dismissal was based on a failure to state a claim, and the plaintiff fails to refile. <u>Mahoney v. Doerhoff Surgical Servs.</u>, Inc., 807 S.W.2d 503, 506 (Mo. 1991) ("The dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amounts to a determination that the plaintiff has no action. In such a case, the judgment of dismissal - albeit without prejudice - amounts to an adjudication on the merits . . . ."). However, this rule has been applied to other dismissals without prejudice orders as well. <u>Duffner v. City of St. Peters</u>, 930 F.3d 973, 976 (8th Cir. 2019)("[W]hen a plaintiff suffers a dismissal without prejudice and then elects *not* to plead further, the dismissal amounts to an adjudication on the merits and precludes relitigation . . . .").

Here, the state court granted PennyMac's motion to strike Johnson-Byrd's pleadings as a discovery sanction. (Docs. #17-4). As stated above, while normally, the dismissal of Johnson-Byrd's action would be considered a judgment on the merits, the state court's inclusion that its dismissal was without prejudice, establishes the state court's intent to not enter a judgment based on the merits. However, to cure an involuntary dismissal without prejudice, Johnson-Byrd needed to refile her suit in the same court the dismissal was entered. <u>Atkins</u>, 309 S.W.3d at 423. The fact that Johnson-Byrd did not refile in state court converts the state court's dismissal to a judgment on the merits because Johnson-Byrd should have pursued her claims again in state court. <u>Id.</u>; <u>see</u> <u>also</u> <u>Duffner</u>, 930 F.3d at 975-76. Johnson-Byrd argues that the state court judge told her that she needed to file her claim in federal court (Doc. #19 at 3). Even if this was true, this Court is not

6

Case 4:24-cv-00200-BCW   Document 50   Filed 12/30/24   Page 6 of 12

bound by the advice or orders of a state court, nor does said advice change the correct legal procedure. Keinath v. Commissioner, 480 F.2d 57, 62 n.7 (8th Cir. 1973).

For the reasons stated above, the Court finds that the state court's dismissal of Johnson-Byrd's claims was a final judgment on the merits and therefore, the second element of res judicata is met.

### B. The same cause of action and parties are in both cases.

Johnson-Byrd disputes that the causes of action and the parties in the instant case are the same as in her state court case. (Doc. #19). Johnson-Byrd argues that first, the parties are not the same because the state case included DAS Acquisition, while the instant case "focuses solely" on PennyMac. Id. Additionally, Johnson-Byrd argues the claims are different because the state court case focused on a breach of contract claim, while the instant case alleges discrimination, fraud, and violations of the MMPA.

The Court finds Johnson-Byrd's arguments unpersuasive. Regarding the parties, the state court case involved all of the same parties as in the instant case. (Doc. #17-2). Just because DAS Acquisitions was not named a Defendant in the instant case does not change the fact that PennyMac is a named Defendant in both cases and Johnson-Byrd (and previously Byrd)[3] is a named Plaintiff and both cases. Further, regarding the claims, Johnson-Byrd is correct that in the instant case she asserts some causes of action that she did not assert in the state case. However, res judicata not only applies to issues that were litigated previously, but also to issues that could have

---

[3] Johnson-Byrd also argues that her husband, Byrd was dismissed from the state court case too early to have been able to fully argue his claims and therefore, his inclusion as a party in the instant case, also makes the parties different than the state court case. This argument is without merit. Byrd being dismissed as a plaintiff early from the state court case does not diversify the parties in the federal case because Byrd was a plaintiff in the instant case as well. Additionally, Byrd has been dismissed from the instant case as explained above.

7

been raised in that previous action. Cornice & Rose Int'l, LLC v. Four Keys, LLC, 76 F.4th 1116, 1121 (8th Cir. 2023).

Johnson-Byrd's state court case asserted breach of contract claims based on PennyMac's alleged failure to properly manage Johnson-Byrd's loan. (Docs. #17-1 & #17-2). In the instant case, Johnson-Byrd also asserts a breach of contract claim and a variety of different claims specified below. (Doc. #1-1 at 53-61). However, each cause of action relates again to PennyMac's alleged failure to properly manage Johnson-Byrd's loan. These issues could have been litigated before in the state court case because they rise out of the same nucleus of operative facts as the claims in the state court case. See Midwest Disability Initiative v. JANS Enters., 929 F.3d 603, 610 (8th Cir. 2019). Therefore, the claims involved in the instant case qualify as being a part of the same causes of action as in the state court case.

Because all elements of res judicata are met in the instant case, the Court grants PennyMac's motion to dismiss.

### III.  Alternatively, counts 1-4 are dismissed because Johnson-Byrd's complaint has not stated a claim for which relief can be granted.

Further, the Court finds that even if Johnson-Byrd's claims were not barred by res judicata, all counts except count 5 and count 6 would be dismissed for failing to state a claim. As stated above, in the instant action, Johnson-Byrd's complaint assert the following claims: Count 1, race discrimination under 42 U.S.C. § 1981; Count 2, discrimination under 42 U.S.C. § 3605; Count 3, interference under 42 U.S.C. § 3617; Count 4, fraudulent misrepresentation; Count 5, breach of contract; and Count 6, violation of the MMPA.

#### A.  **Count 1 is not sufficiently pled.**

To establish a race discrimination claim under § 1981, a plaintiff must plead the following: (1) membership in a protected class; (2) discriminatory intent on the part of the defendant; (3)

engagement in a protected activity; and (4) interference with that activity by the defendant. Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009). PennyMac does not contest that Johnson-Byrd has pled the first element or the third element. PennyMac only argues that Johnson-Byrd has not properly alleged the second element, PennyMac's discriminatory intent, or the fourth element, that PennyMac interfered with Johnson-Byrd's protected activity. (Doc. #17).

Regarding the second element, Johnson-Byrd must "present evidence, not merely speculation, of discriminatory intent" on PennyMac's part to create a prima facie case under § 1981. Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 962 (8th Cir. 2023). In her complaint, Johnson-Byrd alleges that PennyMac has withheld funds from financially vulnerable people, encouraged defaults, and promoted policies that lead to the increase of foreclosures in communities of color. (Doc. #1-1 at 53). Johnson-Byrd goes on to state that such actions were deliberate discrimination that PennyMac has either supported, tolerated, or neglected to prevent.

While the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party, Coons, 410 F.3d at 1039, the Court does not have to accept mere conclusory statements without factual allegations to support them as true. Iqbal, 556 U.S. at 678. Johnson-Byrd accuses PennyMac of discriminatory behavior but offers no facts to support said accusations. Johnson-Byrd alleges that PennyMac's actions toward her were racially charged but this allegation is conclusory, speculative, and unsupported by the facts in her complaint. Johnson-Byrd does not allege any facts to show that PennyMac would have acted differently if Plaintiff was a different race or that PennyMac acted a certain way because of Johnson-Byrd's race. In her opposition suggestions to the instant motion, Johnson-Byrd attempts to present additional allegations that were not in her complaint, however, a complaint cannot be

amended by the briefs in opposition to a motion to dismiss. Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).

For these reasons, Johnson-Byrd has failed to establish the second element of a § 1981 claim. Because Johnson-Byrd has failed to establish an essential element, the Court does not need to consider the fourth element of count 1. Justice v. Bestway (USA), Inc., No. 4:22-cv-00050-AGF, 2024 U.S. Dist. LEXIS 191678, at *37 (E.D. Mo. Oct. 22, 2024). Therefore, count 1 is alternatively dismissed for failure to state a claim.

### B. Counts 2 and 3 are time barred.

Counts 2 and 3 are claims of discrimination and interference pursuant to §§ 3605 and 3617 of the Fair Housing Act ("FHA"). Under the FHA, an aggrieved person must commence a civil action under this section no later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice. 42 U.S.C. § 3613.

Count 2 alleges that after PennyMac purchased Johnson-Byrd's mortgage loan, it refused to release the escrow funds to Johnson-Byrd, despite her being entitled to receive such funds for her property. (Doc. #1-1 at 54-55). Count 3 alleges misconduct by PennyMac during the rehabilitation project for the property. Id. at 55-56. All conduct related to the escrow funds and the rehabilitation project ended in September 2021, when Johnson-Byrd sold her property. (Doc. #17-10). Johnson-Byrd did not file the instant action until March 20, 2024, almost three years after any alleged discriminatory housing practice was terminated. Because the statutes of limitation have expired, counts 2 and 3 are alternatively dismissed as being time barred.

### C. Count 4 is barred by the economic loss doctrine.

The economic loss doctrine bars recovery of purely pecuniary losses in tort where the injury results from a breach of a contractual duty. Dubinsky v. Mermart, LLC, 595 F.3d 812, 819

10

(8th Cir. 2010). Count 4 is a fraudulent misrepresentation claim against PennyMac that alleges PennyMac represented to Johnson-Byrd that it would be withholding funds until the dispute with the contractors was resolved. (Doc. #1-1). However, PennyMac released funds to the contractors and consultants during the disputes and before the work on the property was complete. This is a similar basis for Johnson-Byrd's count 5 claim for breach of contract. In count 5, Johnson-Byrd claims that PennyMac breached their contract by failing to release the escrow funds only upon the rehabilitation project being completed. (Doc. #1-1 at 59).

Count 4 is barred by the economic loss doctrine because it is not separate and distinct from Johnson-Byrd's contract and only alleges Johnson-Byrd suffered monetary damages. Dubinsky, 595 F.3d at 820. For this reason, count 4 is alternatively dismissed.

### D. Alternatively, if res judicata does not apply, count 5 states a claim for which relief can be granted.

Notwithstanding the Court's analysis above that all counts are barred by res judicata, the Court finds that to the extent res judicata does not apply, then count 5 would survive PennyMac's failure to state a claim argument. Count 5 is Johnson-Byrd's breach of contract claim against PennyMac. Johnson-Byrd states that PennyMac failed to perform its obligations and promises pursuant to the terms of the rehabilitation loan agreement between the parties. (Doc. #1-1 at 59-60). Johnson-Byrd specifically argues PennyMac failed to: (1) release the escrow funds only upon the rehabilitation project being completed; (2) pay Johnson-Byrd the accruing interest of the escrow funds; and (3) ensure the property repairs were completed and met applicable health and safety standards. Johnson-Byrd's factual allegations establish each element to state a claim for breach of contract. See Gillis v. Principia Corp., 832 F.3d 865, 871 (8th Cir. 2016); Lucero v. Curators of Univ. of Mo., 400 S.W.3d 1, 5 (Mo. Ct. App. 2013). However, as stated above, count 5 does not survive because it is barred by res judicata.

### E. Alternatively, if res judicata does not apply, count 6 states a claim for which relief can be granted.

Similarly, count 6 would also survive PennyMac's failure to state a claim argument. Count 6 is Johnson-Byrd's violation of MMPA claim against PennyMac. Johnson-Byrd alleges multiple allegations of deceptive representations and practices that PennyMac allegedly utilized during its management of the rehabilitation process. (Doc. #1-1 at 61-2). In the instant motion, PennyMac argues that count 6 should also be dismissed for failure to state a claim because it believes that count 6 is based on the alleged breach of contract and Missouri courts have held that violations of the MMPA cannot be based on a breach of contract. (Doc. #17). The Court finds this argument unpersuasive because the cases PennyMac cites were not decided until after discovery and were not decided based solely on the pleadings as here. Kiechle v. Drago, 694 S.W.2d 292, 294 (Mo. Ct. App. 1985); Parrott v. Emps. Mut. Cas. Co., No. 12-0122-CV, 2013 WL 12304262, at *6 (W.D. Mo. Apr. 22, 2013). At the pleading stage, district courts have allowed such claims to survive. Tuter v. Freud Am., Inc., No. 4:22-CV-00282-RK, 2022 U.S. Dist. LEXIS 178459, at *22-24 (W.D. Mo. Sep. 30, 2022); Muhammad v. Pub. Storage Co., No. 14-0246-CV-W-ODS, 2014 U.S. Dist. LEXIS 100866, at *9 (W.D. Mo. July 24, 2014). Therefore, to the extent that res judicata does not apply (which it does consistent with the Court' analysis above), count 6 would survive PennyMac's failure to state a claim argument.

For the reasons above, PennyMac's motion to dismiss is granted based on res judicata. Alternatively, counts 1-4 are dismissed for failure to state a claim for which relief can be granted.

IT IS SO ORDERED.

DATE: December 30, 2024      /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT